# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS N. MARTIN, | 1:04-CV-6686 AWI JMD HC |
| Petitioner, | ORDER DISMISSING ACTION |
| v. | |
| PAUL M. SHULTZ, | |
| Respondent. | |

Petitioner Louis N. Martin is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 17, 2007, the court served Petitioner with an order reassigning this action to a new Magistrate Judge. However, the pleadings were returned to the court by the United States Postal Service on October 30, 2007, marked "No longer at this facility, unable to forward return to sender." On February 26, 2008, the court ordered Petitioner to show cause why this action should not be dismissed for Petitioner's failure to prosecute by keeping the court apprised of his current address. This order was also returned to the court by the United States Postal Service on March 7, 2008, marked "No Longer At Facility".

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

If mail directed to a plaintiff in propria persona by the Clerk is

> returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, well over sixty days has passed since Petitioner's mail was first returned and Petitioner has still not notified the court of a current address.   Petitioner is therefore in violation of the Local Rules.   Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999. Here, this action has been pending for over three years .   The court cannot continue to expend its scare resources assisting a litigant who will not help himself by comply with court orders and Local Rules and who fails to submit a notice of change or address.  Thus, both the first and second factors weigh in favor of dismissal.   Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991.    However, the delay has increased the risk that witnesses' memories will fade and evidence will become stale,  and it is Petitioner's failure to provide an address at which the court can serve Petitioner that is causing delay.   Therefore, the third factor weighs in favor of dismissal.   As for the availability of lesser sanctions, at this stage in the

proceedings there is little available to the court which would constitute a satisfactory lesser sanction when the court is dealing with a Petitioner who has not updated his address, making it impossible for the court to contact Petitioner.  Because the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.  Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Pagtalunan, 291 F.3d 643.  However, the other factors indicate a dismissal without prejudice is warranted.

      Accordingly, the Court HEREBY ORDERS:

1. This action is DISMISSED without prejudice for Petitioner's failure to prosecute this action by keeping the court apprised of his current address.

2. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

**Dated:   April 7, 2008**                                  /s/ Anthony W. Ishii
                                                  UNITED STATES DISTRICT JUDGE